IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-75-BO

KEIWAN PHILLIP JOSEPH, )
)
Plaintiff, )
)
v. )
) O R D E R
)
BP EXPLORATION & PRODUCTION )
INC. and BP AMERICA PRODUCTION )
COMPANY, )
)
Defendants. )

This cause comes before the Court on defendants' partial motion for judgment on the

pleadings. [DE 59]. Plaintiff responded [DE 67] and defendant replied [DE 71]. In this posture,

the motion is ripe for decision. For the following reasons, the motion is granted.

BACKGROUND

This is a back-end litigation option (BELO) lawsuit involving claims by plaintiff Joseph

arising from his work as a clean-up worker for the BP Deepwater Horizon Oil Spill which occurred

in 2010. The Medical Benefits Class Action Settlement Agreement (MSA) governs plaintiff's

rights against BP. [DE 60-2]. The MSA offers class members a procedure for seeking

compensation from BP if they claim to have been diagnosed with a later-manifested physical

condition (LMPC).

> A MEDICAL BENEFITS SETTLEMENT CLASS MEMBER seeking
> compensation from BP for a LATER-MANIFESTED PHYSICAL CONDITION
> must submit a NOTICE OF INTENT TO SUE ... to the CLAIMS
> ADMINISTRATOR. THE NOTICE OF INTENT TO SUE and materials submitted
> therewith must be submitted to the CLAIMS ADMINISTRATOR within 4 years
> after either the first diagnosis of that LATER-MANIFESTED PHYSICAL
> CONDITION or the EFFECTIVE DATE, whichever is later.

[DE 60-2, p. 61].

A MEDICAL BENEFITS SETTLEMENT CLASS MEMBER may assert a claim against a BACK-END LITIGATION OPTION DEFENDANT in a BACK-END LITIGATION OPTION LAWSUIT only for that LATER-MANIFESTED PHYSICAL CONDITION for which he or she timely submitted a NOTICE OF INTENT TO SUE.

[DE 60-2, p. 69]. So, for plaintiff to assert a claim against BP for a later-manifested condition, he must have timely submitted a notice of intent to sue (NOIS). That notice is timely within four years of plaintiff's first diagnosis.

Plaintiff submitted his first notice of intent to sue on July 8, 2020, alleging he suffered from exacerbation of chronic obstructive pulmonary disease (COPD). There, he claimed this condition was first diagnosed on September 30, 2016. Through discovery, however, defendant procured plaintiff's medical records dated June 8, 2016, related to a hospital visit. Under the bold heading, **PRINCIPAL DIAGNOSIS AT DISCHARGE**, the record states plaintiff's diagnosis: "Acute exacerbation of undiagnosed and underlying chronic obstructive pulmonary disease[.]" [DE 60-6, p. 131]. If this document is to be taken as plaintiff's first COPD diagnosis, it renders his first notice of intent to sue one month late under the MSA's time limit and forecloses his back-end litigation option related to COPD. Defendant moved for partial judgment on the pleadings, asking that plaintiff's claim for exacerbation of COPD be dismissed with prejudice.

DISCUSSION

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). "Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment

2

as a matter of law." *United States v. Any & all Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). In addition to reviewing the pleadings, courts "may also consider documents attached to the complaint, *see* Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Plaintiff's arguments in opposition to dismissal are unconvincing. Plaintiff contends BP's motion is procedurally improper because BP failed to plead a statute of limitations defense. But BP's theory has nothing to do with the statute of limitations; it is premised on the procedures outlined in the MSA. Plaintiff argues that the medical records' reference to COPD is a doctor's initial finding, some kind of speculation distinct from a diagnosis. But the record says it is a diagnosis. The medical record attached to defendants' motion dated June 8, 2016, could not state more clearly that plaintiff had been diagnosed with exacerbation of COPD. More than four years elapsed before he submitted his notice of intent to sue. As such, plaintiff may not assert a claim against BP for his later-manifested physical condition of COPD.

## CONCLUSION

For the foregoing reasons, defendant's partial motion for judgment on the pleadings [DE 59] is GRANTED. Plaintiff's claim for exacerbation of chronic obstructive pulmonary disease is DISMISSED.

SO ORDERED, this __2__ day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3